# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**FILED**

April 12, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 11-1686** (Upshur County 11-F-64)

**Misty Dawn Linger,**
**Defendant Below, Petitioner**

# MEMORANDUM DECISION

Petitioner Misty Dawn Linger, by counsel James E. Hawkins Jr., appeals the Circuit Court of Upshur County's order entered on November 7, 2011, that sentenced petitioner to not less than one nor more than five years in prison for her plea to one count of child neglect creating a risk of serious bodily injury or death in violation of West Virginia Code § 61-8D-4(e). The State, by counsel, filed a summary response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was indicted on a single count of child neglect resulting in death in violation of West Virginia Code § 61-8D-4(a). The charge was precipitated by the May 28, 2009, death of petitioner's three-and-a-half-year-old son, Elijah, who died, buckled into a car seat, in a closed car on a hot day. Following an April 27, 2011, mistrial due to a hung jury, petitioner pled guilty on August 15, 2011, to the lesser offense of child neglect creating a risk of serious bodily injury or death in violation of West Virginia Code § 61-8D-4(e).

At petitioner's August 15, 2011, plea hearing, the circuit court informed petitioner that her sentence was wholly in the court's discretion and she might not receive probation or home confinement as a result of her plea even if the State recommended it. By order entered November 10, 2011, the circuit court sentenced petitioner to not less than one nor more than five years in prison. The sentencing order was stayed pending this appeal.

On appeal, petitioner argues that the circuit court erred by sentencing her to a term in prison as opposed to an alternative sentence, and by failing to consider all the permissive factors favoring an alternative sentence. Petitioner avers that she was not a danger to the community, was not likely to reoffend, had no criminal record, was a high school graduate with a job, had no problems with drugs or alcohol, and was a lifelong resident of Upshur County with significant roots in the community and community support. As such, petitioner claims that she was an ideal candidate for home confinement and/or probation. Petitioner also argues that her sentence shocks

1

the conscience because the only factor the circuit court considered was punishment and, perhaps, deterrence.

"'The Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands.' Syl. Pt. 1, in part, *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997)." Syl. Pt. 1, *State v. James*, 227 W.Va. 407, 710 S.E.2d 98 (2011). Moreover, "'[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus Point 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982)." Syl. Pt. 6, *State v. Slater*, 222 W.Va. 499, 665 S.E.2d 674 (2008)

The circuit court did not abuse its discretion in sentencing petitioner. Petitioner's sentence was within statutory limits and petitioner does not aver that her sentence was based on any impermissible factors. Moreover, petitioner's sentence is not so lengthy that it is cruel and unusual or disproportionate to the offense to which she pled. Finally, petitioner benefitted by being allowed to plea to a lesser crime and was thereby spared a potential sentence of up to fifteen years in prison for child neglect resulting in death in violation of West Virginia Code § 61-8D-4(a).

In response to petitioner's argument that the circuit court failed to consider the permissive factors favoring an alternative sentence, the record on appeal reveals that at petitioner's sentencing hearing, the circuit court considered petitioner's counsel's lengthy argument which raised all of the permissive factors that petitioner raises in this appeal.

For the foregoing reasons, we affirm the circuit court's sentencing order.

Affirmed.

**ISSUED:** April 12, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II